IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-0624-MJR |
| | ) | |
| DR. MARVIN POWERS, CAMILLE ADAMS, CAROL GEORGE, LAURA QUALLS, RHONNA MEDLIN, JULIE KLEIN, KATHY BUTLER, GRACY HART, DELORES HUMELE, HEATHER MEADS, CLAUDIA LESLIE, MERILY MERTON, LAKESHA BAKER-CAMBY, SHELVY DUNN, KRISTY WATSON, and NIGEL VINYARD, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, currently incarcerated at Tamms Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed suit in state court, and the case was removed here by defendants. Plaintiff claims that Defendants, who are all health care providers at Tamms, were deliberately indifferent to a serious medical condition. More specifically, Plaintiff claims that he suffers from "an untreated mental illness which causes him to self-mutilate." He alleges that he mutilated himself on November 9, 2010, and that each Defendant refused to give him

1

medical treatment for injuries he suffered, failed to accurately document his complaints and falsified his medical records. He also alleges that Dr. Powers performed a surgical procedure on him without anesthesia and without consent.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against each Defendant for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

**Pending motion**

The Court **DENIES** without prejudice Plaintiff's First and Second Motions to Amend Complaint **(Docs. 11 and 15)** because Plaintiff has not tendered a proposed amended complaint as required by Local Rule 15.1.

Plaintiff's Motion for Last Known Address **(Doc. 10)** is also **DENIED as moot**. The Court will enter the appropriate order regarding service of process.

**Disposition**

Two Defendants have not been served. Therefore, the Clerk of Court shall prepare for Defendants **HEATHER MEADS and KRISTY WATSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms

were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. If Plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* was granted by the state court. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: August 17, 2012

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge