IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHRISTOPHER KNOX, #B61090,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 12–cv–0624–MJR–SCW |
| | ) | |
| **DR. MARVIN POWERS,** | ) | |
| **CAMILLE ADAMS,** | ) | |
| **CAROL GEORGE,** | ) | |
| **LAURA QUALLS,** | ) | |
| **RHONNA MEDLIN,** | ) | |
| **JULIE KLIEN,** | ) | |
| **KATHY BUTLER,** | ) | |
| **GRACY HART,** | ) | |
| **DELORES HUMELE,** | ) | |
| **HEATHER MEADS,** | ) | |
| **CLAUDIA LESLIE,** | ) | |
| **MERILY MERTON,** | ) | |
| **LAKESHA BAKER-CAMBY,** | ) | |
| **SHELVY DUNN,** | ) | |
| **KRISTY WATSON, and** | ) | |
| **NIGEL VINYARD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Christopher Knox, who is in the custody of the Illinois Department of Corrections, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming that health care providers at Tamms Correctional Center were deliberately indifferent to his serious medical needs (Doc. 3-2). Before the Court is Plaintiff Knox's motion for a temporary restraining order and/or preliminary injunction (Doc. 24; *see also* Docs. 38, 56), and the Report and Recommendation of U.S. Magistrate Judge Stephen C. Williams, recommending that Knox's motion be denied in all respects (Doc. 61). Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.1(b), Knox has filed an objection to Judge Williams' recommendation (Doc. 69).

1

Background and Procedural Synopsis

Plaintiff Knox, has been housed at Pontiac Correctional Center since approximately December 26, 2012. Prior to that time, he was housed at Tamms Correctional Center. Plaintiff claims that Defendants, who are all health care providers at Tamms, were deliberately indifferent to a serious medical condition, "an untreated mental illness which causes him to self-mutilate himself [sic] by inserting foreign objects into his uretha [sic]." He alleges that on November 9, 2010, he inserted an ink pen into his urethra, thereby blocking the urinary channel and causing severe pain and bleeding. According to Plaintiff, each defendant refused to give him medical treatment, failed to accurately document his complaints and falsified medical records. He also alleges that, without anesthesia and without his consent, Dr. Powers used a 15-20 inch-long surgical tool to perform a surgical procedure on him that actually moved the foreign object further up the urethra. Plaintiff also claims that all defendants and prison officials conspired, and continue to conspire, to deny him proper medical treatment.

On August 29, 2012, Knox moved for a temporary restraining order and/or preliminary injunction because he continues to suffer because the pen remains in his urethra and Defendants have still not treated his condition. Plaintiff offers a diagnostic and treatment plan, which includes being seen by a specialist—a certified urologist. On October 12, 2012, United States Magistrate Judge Stephen C. Williams commenced a hearing on Plaintiff's motion, but the hearing was continued to allow for the receipt of additional evidence. A second hearing was conducted October 24, 2012. Additional documentary evidence was also received from Plaintiff after the hearing. The evidence presented included Plaintiff's testimony, Dr. Powers' affidavit, and voluminous medical records and grievances.

On November 6, 2012, Judge Williams issued a report and recommendation (Doc. 61). Judge Williams found that, although Plaintiff Knox had a history of inserting plastic ink pen refills into his penis (without the metal tip), Dr. Powers' multiple examinations have not revealed an object in Plaintiff's penis, and multiple urine tests have not indicated any infection or blood indicative of a foreign object in the body. Two of five urine samples collected between November 12, 2009, and January 26, 2011, included blood, but Dr. Powers noted that those two were un-witnessed samples and could have contained blood from Plaintiff's gums. Powers also noted that Knox subsequently refused to provide witnessed urine samples on several occasions.

Knox did not make any complaints to Dr. Powers for a full 11 month period, until December 1, 2011, when he again complained that he had folded a pen tube into a "v" and inserted it into his penis "v" first. According to Dr. Powers, palpation and a urine sample did not indicate that there was a foreign object in Plaintiff's penis; there was no blood, and he was able to urinate adequately. A second exam and urine test just over one week later did not indicate any problem.

Plaintiff renewed his complaints again in June 2012, and again an exam and urine analysis did not indicate there was a foreign body present. Another exam and test in September 2012 were negative. Although Plaintiff demands an x-ray of his penis, Dr. Powers will not authorize another x-ray unless there is some clinical indication of a foreign object, because Plaintiff has already had 11 x-rays in the past due to his history of inserting objects into his urethra.

Judge Williams concluded that there was no evidence supporting Plaintiff Knox's assertion that he had a foreign object in his urethra; therefore, there was no serious medical condition that required treatment, no basis for a claim of continued deliberate indifference, and

no need for immediate diagnosis and care—particularly since Knox had been examined and tested numerous times. Consequently, Judge Williams recommended denying Plaintiff's motion for injunctive relief in all respects.

### Plaintiff's Objections

Plaintiff has filed an objection to Judge Williams' report and recommendation. Knox reiterates his basic assertion about the pen tube in his urethra, and he further asserts:

> [T]he Court should deny the report and recommendations of the magistrate judge, because since plaintiff has been in Pontiac C/C, the plaintiff has received proper treatment and x-rays revealed a foreign body in [his] uretha [sic], and it has been removed—plaintiff [sic] motion for TRO and preliminary injunction should be granted.

Doc. 69, p. 5.

### Analysis and Conclusion

In accord with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), Local Rule 73.1(b) of the District Court for the Southern District of Illinois, and *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992), a district judge will undertake *de novo* review of the portions of a report to which specific objection was made. "Specific" refers only to the issue for which review is sought; no legal or factual basis for the objection is required. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). Thus, Knox's objection is sufficient to trigger *de novo* review. The Court may accept, reject or modify the recommended decision, or recommit the matter to the magistrate judge with instructions. Fed.R.Civ.P. 72(b); ILSD Local Rule 73.1(b); *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999).

Although *de novo* review has been triggered, no further analysis is required due to Plaintiff Knox's assertion that a foreign object has in fact been located and removed from his penis. A request for injunctive relief becomes moot when a defendant discontinues the conduct

in dispute, or when a court can no longer award meaningful relief. *See Aslin v. Financial Industry Regulatory Authority, Inc.*, __F.3d __, 2013 WL 11869 at * 2-3 (7th Cir. Jan. 3, 2013). Since Knox filed his motion for injunctive relief, and since Judge Williams entered his report and recommendation, Knox has been transferred to a different prison facility and he is being treated by different medical personnel. More important, Knox reports that he has received the treatment he was requesting. Therefore, Plaintiff Knox's motion for a temporary restraining order and/or preliminary injunction (Doc. 24) is **DENIED AS MOOT**. Of course, Plaintiff's claims against the various defendants shall proceed, and this court offers no opinion regarding Judge Williams' report and recommendation, or proposed findings of fact.

    **IT IS SO ORDERED.**

    **DATED:  February 8, 2013**

                            s/ *Michael J. Reagan*
                            **MICHAEL J. REAGAN**
                            **UNITED STATES DISTRICT JUDGE**