IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER KNOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-CV-624–MJR- SCW |
| | ) |
| MARVIN POWERS, CAMILLE ADAMS, | ) |
| CAROL GEORGE, LAURA QUALLS, | ) |
| RHONNA MEDLIN, JULIE KLEIN, | ) |
| KATHY BUTLER, GRACY HART, | ) |
| DELORES HUMELE, HEATHER MEADS, | ) |
| CLAUDIA LESLIE, MERILY MERTON, | ) |
| LAKESHA BAKER-CAMBY, SHELVY | ) |
| DUNN, KRISTY WATSON, and NIGEL | ) |
| VINYARD, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Stephen C. Williams (Doc. 107), recommending that the motion for temporary restraining order and/or preliminary injunction (Doc. 76) be denied. The Report and Recommendation was entered on August 12, 2013. Plaintiff twice moved for an extension of time to file his objection to the Report and Recommendation (Docs. 108 & 111), which the Court granted in both instances (Docs. 109 & 112). Plaintiff filed his objection to the Report and Recommendation on October 24, 2013 (Doc. 113).

Plaintiff Christopher Knox, currently an inmate at Pontiac Correctional Center, filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983 against the above mentioned defendants, alleging deliberate indifference to a serious medical need, which survived threshold review (Doc. 17). Plaintiff asserts that he suffers from an untreated mental illness that causes him to self-mutilate by injecting foreign objects into his urethra (Doc. 17, Doc. 113, p. 17). He alleges that he mutilated himself on November 9, 2010, and that each Defendant has refused to give him medical treatment for the injuries he suffered, failed to accurately document his complaints and falsified his medical records (Doc. 17, p. 2).

On August 29, 2012, Plaintiff filed his initial Emergency Motion for TRO and Preliminary Injunction (Doc. 24). Magistrate Judge Stephen Williams held an evidentiary hearing on this motion on October 12, 2012 and recommended to the undersigned District Judge that Plaintiff's request for an injunction be denied (Doc. 61). Magistrate Judge Williams found that the evidence presented suggested that Plaintiff did not have a foreign object lodged in his urethra (Doc. 61). Plaintiff objected to this finding, indicating that he had been transferred to Pontiac Correctional Center, and stating that an x-ray at Pontiac identified that there was in fact a foreign object lodged in his urethra (Doc. 69). He also stated that the foreign object had been removed by the medical staff at Pontiac (*Id.*). Thus, the undersigned District Judge denied as moot his request for a preliminary injunction because the object had been removed from his body (Doc. 71).

On April 29, 2013, Plaintiff filed another Emergency Motion for TRO and/or Preliminary Injunction (Docs. 76 & 77), which is currently pending before the Court. In this motion, Plaintiff argues that he still has the foreign object in his urethra, and that it is the same object that he inserted on November 9, 2010 (Doc. 77, p. 7). Although Plaintiff originally stated that the foreign object was removed upon his transfer to Pontiac, Plaintiff now states that it was not removed but instead Dr. Tilden caused the object to be pushed further into Plaintiff's urethra (Doc. 77). Plaintiff further asserts that Dr. Tilden performed this unsuccessful procedure without his consent or any anesthesia (*Id*.).

Plaintiff asserts that he met with Dr. Tilden on February 21, 2013 and informed Dr. Tilden that he believed the object was still lodged in his urethra. Plaintiff asserts that Dr. Tilden offered to perform another procedure to remove the object, but Plaintiff declined when he learned the procedure would be performed without anesthesia. On March 22, 2013, Plaintiff had an x-ray taken, which showed that there is a foreign object in his urethra. Thus, Plaintiff seeks a preliminary injunction requiring the medical staff at Pontiac to: take an x-ray of Plaintiff's urethra, send Plaintiff to a licensed urologist and carry out the urologists orders, send the x-rays to an independent radiologist to review the results, provide Plaintiff with pain medication, have the urologist remove the foreign objection, and stop the current healthcare providers from performing surgical procedures on Plaintiff without his consent (Doc. 76).

Defendants have filed Responses (Doc. 80 & 81) to Plaintiff's motion asserting that Plaintiff's request for injunctive relief against them is now moot as Plaintiff was

transferred to Pontiac. The Court, however, directed Defendants to provide the name of the medical director at Pontiac, who would be a proper party to add to the case for injunctive purposes (Doc. 86). The Court also directed Defendants to supplement their responses by addressing the factual allegations presented in Plaintiff's motion.

In June of 2013, Defendants supplemented their responses (Docs. 87 & 88) alleging that Plaintiff did undergo a medical procedure at Pontiac to remove a foreign object from his body in January of 2013. Specifically, they assert that the object that Plaintiff refers to now is not the same object that Plaintiff initially referenced in his Complaint, attaching copies of x-rays and Plaintiff's medical records to support this claim.

Given the factual issues presented, Magistrate Judge Williams held an evidentiary hearing on August 1, 2013. At the evidentiary hearing, Dr. Tilden testified that he first saw Plaintiff on January 9, 2013 and Plaintiff informed him that he had a foreign object in his urethra since 2010. Dr. Tilden conducted a physical exam and took an x-ray, which revealed a metallic object that resembled the tip of an ink pin. Dr. Tilden then performed surgery on January 15, 2013, anesthetizing the area with Lidocaine gel, and removed the object from Plaintiff's urethra. The object turned out to be the insert of an ink pen that had been bent in half. Although Plaintiff told Dr. Tilden that it had been in his urethra since 2010, Dr. Tilden testified that he believed the object had been in Plaintiff's urethra for a short time (months or even days) because there was no sign of adherence or infectious material. Dr. Tilden recalls showing it to Plaintiff and that

Plaintiff was very relieved that it had been removed. Dr. Tilden also testified that Plaintiff had in fact consented verbally to this procedure.

Dr. Tilden also testified that Plaintiff returned to him on February 24, 2013, indicating that he stuck another pen into his urethra five days prior to the visit. Dr. Tilden took another x-ray and referred him to the psychology department. The x-ray confirmed that there was a metallic foreign body in his urethra which appeared to be the tip of an ink pin. Dr. Tilden testified that although the x-ray report, dated March 22, 2013, indicated that the object appeared "stable since the prior examination," it is not the same object. Specifically, Dr. Tilden testified that the radiologist was not told that the object from January 15, 2013 had been removed. Dr. Tilden has offered to remove this foreign body but Plaintiff has refused treatment and also refused to sign the form indicating that he refused treatment.

Based the evidence presented at the hearing, Magistrate Judge Williams issued the Report and Recommendation currently before the Court (Doc. 107). The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. **28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b);** *Harper v. City of Chicago Heights*, **824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court "may

accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id., quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)**.

In Plaintiff's objection to the Report and Recommendation, he essentially reiterates the same arguments made in his motion for TRO and/or Preliminary Injunction (Doc. 66, 67). Specifically, Plaintiff asserts that the ink pen that he inserted into his urethra in November of 2010 is still in his body. Plaintiff argues that, although he previously stated that the object had been removed, he was relying upon information provided by Dr. Tilden (*See* Doc. 13, p. 17). Now, he asserts that no object was ever removed from his urethra on January 15, 2013 (*Id.*).

Dr. Tilden, however, testified at the evidentiary hearing that he *did* remove a foreign object from Plaintiff's urethra on January 15, 2013. Dr. Tilden stated that it was clear that he had removed all of the foreign object that day, and was hesitant to order another x-ray due to its carcinogenic effect. Further, after the object's removal, it was shown to the Plaintiff and three or four witnesses in the exam room. Magistrate Judge Williams concluded that the evidence presented suggests that the object Plaintiff complains of now is not the same object that Plaintiff alleges he placed in his urethra in 2010 and thus this instance of him placing an object in his urethra is not part of the claim that is currently before the Court. Magistrate Judge Williams determined that this is a

new claim, unrelated to his current claim, and thus Plaintiff would need to file a new suit as this claim after fully exhausting his administrative remedies.

After hearing the testimony at the evidentiary hearing, Magistrate Judge Williams concluded that Dr. Tilden was "both reliable and credible" (*See* Doc. 107, p. 10). To the contrary, Magistrate Judge Williams found that Plaintiff's testimony lacks credibility "as he previously testified the pen had been removed in January and he is an admitted self-mutilator who has 'always self-mutilated [himself] with an segregation flex pen folded into a 'v' shape with the tip attached inserted into urethra'" (Doc. 107). "The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *See also* **12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3070.2 (2d ed. 1987 & Supp. 2011) (the "de novo determination" required under 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure is "not meant to compel the [district] judge to conduct a new hearing" and instead means that the district judge must "give fresh consideration to those issues to which specific objections have been made")**. Here, the undersigned District Judge is satisfied with Magistrate Judge Williams' credibility determinations and thus treats his findings and recommendations as his own. *Id*.

For these reasons, the Court **ADOPTS** Magistrate Judge William's Report and Recommendation (Doc. 107). Plaintiff's Emergency Motion for TRO and/or Preliminary Injunction (Doc. 76) is **DENIED**.

IT IS SO ORDERED.

DATED:   December 19, 2013

                                                           s/Michael J. Reagan  
                                                          MICHAEL J. REAGAN  
                                                          United States District Judge